UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

SCANNED at Cheshire C.I.
and Emailed
1/19/2021 by cc(g) 30 pages
date        initials      No.

DEJOUR FORD

— PLAINTIFF —

V.                          CIVIL CASE NO

CJO CAMPBELL

CAPT LIZON

JOHN ABY

ROLLIN COOK            JURY TRIAL DEMANDED.

COUNSELOR MARIANNA

NICK RODRIQUEZ

DERICK MULDEN

— DEFENDANTS —

PRELIMINARY STATEMENT: I

1. THIS IS A § ACTION FILED BY DEJOUR FORD (#4099137 A
STATE PRISONER ALLEGING VIOLATIONS OF HIS STATE AND FEDERAL
CONSTITUTION RIGHTS UNDER THE FIFTH, EIGHT, AND FOURTEENTH
AMENDMENTS AND PURSUANT TO 42 U.S.C § 1210) ET SEQ
BECAUSE DEFENDANT HAVE SUBJECTED THE PLAINTIFF TO
CONDITIONS OF CONFINEMENT THAT EXACERBATES HIS MENTAL
HEALTH ILLNESSES AND DEPRIVED HIM OF LIFE, LIBERTY AND
PROPERTY WITHOUT DUE PROCESS AS WELL AS PROTECTING HIM
FROM THE RIGHT TO BE FROM ASSAULT, WHICH VIOLATES
HIS RIGHTS UNDER THE UNITED STATES CONSTITUTION

1 OF 15

2. Plaintiff, DeJuse Fuld [# 409913], is an inmate in the custody of the Department of Corrections who is confined at Corrigan-Radgowski Correctional Center, housed in Seg/PO.

<u>Jurisdiction II</u>

3. This court has subjected matter jurisdiction over this action pursuant to 28 U.S.C § 1331 because this action arises under the constitution and laws of the United States, and pursuant to 28 U.S.C § 1343 [2][3] because this action seeks to redress the deprivation of constitutional rights under color of state law, and pursuant to 42 U.S.C § 1801 et seq.

<u>Parties III</u>

4. Defendant [Def] Commissioner Bullin Cook [Cook] was the acting Commissioner [Comr] of Doc As such he is responsible for the creation and enforcement of its policies, rules, regulations and training as well as supervision of its Employees, and the custody and care of inmates in its facilities. At all relevant times he was acting within the scope of his employment and under color of state law. He is sued in his individual and official capacities.

5. Defendant [Def] John Aldy was the acting Director

OF GANG INTELLIGENCE OF D.O.C. AS SUCH HE WAS responsible FOR THE creation AND ENFORCEMENT OF ITS policies, Rules Regulations pertaining TO THE custody AND care OF inmates in Gang Affiliation, Security risk Groups (srg) units. AT All relevant times he was acting within the scope of his employment AND under color of STATE law, He is sued In his Individual AND official capacities.

6. Defendant [Def] Marianna was a correctional counselor AT Northern correctional Institution. As such She is responsible For providing needed Information TO INMATES and updating correctional officers on Inmates status AT NCI Facility. AT All Relevant Times She was acting within The scope of her employment And under color of STATE law. She is sued In her Individual AND official capacities.

7. Defendant [Def] Nick Rodriguez [Rodriguez] was the warden AT Northern correctional Institution. As such He is responsible For creation of its policies, Rules, Regulations, and training As well As supervision of its employees AND The custody And care of inmates In his Facility. At All relevant times, he was acting within The scope of his employment AND under color of STATE law. He is sued in his Individual AND official capacities.

8. Defendant [Def] Derrick Mulden (Mulden) was the acting Deputy warden AT Northern correctional Institution. As such He is responsible for the

creation and enforcement of its policies, rules, regulations and training as well as supervision of its employees, and the custody and care of inmates in his facility. At all times, he was acting within the scope of his employment and under color of state law. He is sued in his individual and official capacities.

9. Defendant (def) Campbell (Campbell) was a correctional officer at Northern Correctional Institution. As such, he is responsible for the confinement, safety, control and monitoring of sentenced and/or unsentenced inmates. And security of the facility. At all relevant times he was acting within the scope of his employment and under color of state law. He is sued in his individual and official capacities.

10. Defendant (def) Lizon (Lizon) was the captain at Northern Correctional Institutional as well as head SRG Intelligence Official at NCI. As such he is responsible for enforcement of policies, rules, regulations and supervision of persons working in the NCI facility, and the custody and care of inmates at NCI and the SRG unit at NCI. At all relevant times he was acting within the scope of his employment and under color of state law. He is sued in his individual and official capacities.

PLAINTIFFS SERIOUS MENTAL ILLNESS:

11. PLAINTIFF HAS BEEN CLASSIFIED AS A "SERIOUSLY MENTAL ILL" INDIVIDUAL

12. THE PLAINTIFF HAS BEEN DIAGNOSED WITH SEVERAL MENTAL HEALTH DISORDERS SUCH AS ANTI-SOCIAL DISORDER, DEPRESSION, POST TRAUMATIC STRESS DISORDER, ATTENTION DEFICIENT DISORDER, ATTENTION DEFICIENT HYPERACTIVE DISORDER AND PARANOIA,

13. THE PLAINTIFF HAS TAKEN MEDICATION TO COMBAT THESE DISORDERS.

14. SINCE THE ASSAULT THAT HAS TAKEN PLACE ON THE PLAINTIFF, THE PLAINTIFF HAS BEEN HAVING BAD NIGHTMARES ABOUT THE ASSAULT AND FINDING IT DIFFICULT TO SLEEP.

15. THE PLAINTIFF FEELS EVERYONE IS OUT TO GET HIM AND HIS FAMILY DUE TO SEVERE PARANOIA.

Failure to protect

16. ON JANUARY 10TH 2019 IN NORTHERN CORRECTIONAL INSTITUTION 2 WEST RECREATION YARD THE PLAINTIFF WAS ASSAULTED BY INMATE WILLIAMS, ASHMON AND REDGER

17. THE PLAINTIFF HAD RECENTLY PUT IN SEVERAL P.C. PACKETS BEFORE THE ASSAULT OCCURED.

18. Shortly After Denied Protective custody placement Capt Lizon And counselor Marianna Notified Inmate williams That The plaintiff Request p.c placement

19. The plaintiff told capt Lizon, counselor Marianna, John Aldi, Rollin Cook, Nick Rodriquez And Derrick Mulden Through hand writen request That he Fears Blood members And The Specific Blood members "MAC Ballics" Are out to Get him Due to him Being labled as a snitch And Because of his cooperation with police on several cases.

20. The Defendants Failed to protect The plaintiff By not Sending him To p.c or placing Him of rec alone status Knowing his safety was at risk.

21. On January 9th 2019 Inmate williams told The plaintiff to come To recreation The next Day or he will place a hit out on The plaintiff Family.

22. Fearing That The plaintiffs Family will Be harmed The plaintiff went out January 10th 2019 To See what Inmate williams wanted. Also Thinking that he was on his own Rec.

23. On January 10th 2019 the plaintiff went to rec To see If He can Defuse the Situation And To Also Get fresh air.

24. THE PLAINTIFF AND INMATE RODGERS, ASHTON AND WILLIAMS were placed IN HANDCUFFS TO BE BROUGHT OUT TO REC ON January 10TH 2019. Due TO NCI RESTRAINT policy.

25. C/O CAMPBELL failed TO Properly SECURE INMATE WILLIAMS, leaving PLENTY Room for INMATE WILLIAMS TO remove his CUFFS.

26. WHILE IN THE RECREATION YARD, INMATE WILLIAMS removed HIS CUFFS AND STRUCK THE PLAINTIFF WITH a CLOSED FIST.

27. THE PLAINTIFF FELL TO THE GROUND HITTING HIS face AND Head, Knocking THE PLAINTIFF out.

28. WHILE THE PLAINTIFF WAS UNCONSCIOUS, INMATE WILLIAMS, RODGERS AND ASHTON JUMPED, STOMPED AND KICKED THE PLAINTIFF IN THE face, Back and neck.

29. SHORTLY AFTER THE ASSAULT, INMATE WILLIAMS removed THE PLAINTIFF Shoe and forced IT INTO THE PLAINTIFFS MOUTH FOR MAKING THE STATEMENT That THE PLAINTIFF IS a SNITCH AND SNITCHES need TO SHUT UP.

30. THE PLAINTIFF WAS SENT TO AN OUTSIDE Emergency Room, suffering severe Head Trauma, severe SCARING

To The face AND Head. The plaintiff also suffered a bruised retina; leaving The plaintiff permanently bruised IN The right eye.

31. Def Campbell failed to make sure Inmate williams was properly secure.

<u>Deliberate Indifference</u>

32. Def's Aldy, cook and Lizon kept The plaintiff housed IN THE SRG UNIT Knowing The plaintiff was requesting P.C, No longer a GANG member but still kept The plaintiff IN The srg unit Knowing the plaintiff was already labeled as a snitch and had issues with "Mac Ballers" and other Blood members.

33. DEFS knew That The plaintiff was requesting p.c Because His Risk of substantial harm. DEE's had a duty and obligation To protect The plaintiff at all times.

34. DEF Aldy, cook, Rodriguez, Maiden, Marianna and Lizon were aware of the plaintiff avoiding SRG unit Because DEF Lizon and Marianna both Did a p.c packet which were Denied Both Times.

35. DEF's were aware of the plaintiffs situation with the "Mac Ballers" and other Blood members yet were careless and negligent to a substantial Risk and

The plaintiffs safety by allowing these Blood members to be able to maim him.

## Conditions of confinement

36. All DEFS have subjected the plaintiff to conditions of confinement that exacerbate his mental health and sustain physical injury.

37. The plaintiff was forceably housed with a group of Blood members that wanted to attack him and had to live in constant fear he might be attacked.

38. DEFS Rodriguez, Muldew, Aloy and Lizon housed the plaintiff with inmates who were Blood members that were trying to attack the plaintiff.

39 DEF Campbell subjected the plaintiff to unsafe conditions of confinement by allowing several inmates to assault the plaintiff and not properly securing those inmates while the plaintiff was at recreation with those inmates.

## Discrimination under the americans with Disabilities act (ADA)

40. DEF Cook, Aloy, Rodriguez, Muldew and Lizon have discriminated the plaintiffs Disabilities of his mental health disorders violating the (ADA)

41. DEFS COOK, AIDY, RODRIGUEZ, MAIDEN AND LIZON have SUBJECTED The plaintiff of conditions of confinement That risk his physical and mental well Being.

42. DEFS COOK, AIDY, RODRIGUEZ, MAIDEN AND LIZON Denied The Telephone ACCESS, VISITS, Commissary, A TELEVISION, HAND HELD GAME Boy and other property That other General population inmates are Allowed

43. The plaintiff was not entitled to The same programs and privileges as The General population are allowed.

44. The plaintiff is Deprived of post-secondary Education Due To his STATUS As well As limitation of communication of other inmates, Limited Gym recreation, specifis VISITS DAys That are less Than General population, And INCONVIENANT for his family, NO JOBS That He is Entitled To outside The unit.

45. DEFS COOK, AIDY, RODRIGUEZ, MAIDEN AND LIZON violated The Americans with DISABILITIES ACT By failing To Afford Him Reasonable accomodations By confining him To Restrictive conditions And not In the most Integrated setting appropiate for his needs.

46. DEFS COOK, AIDY, RODRIGUEZ, MAIDEN AND LIZON Have violated The plaintiffs rights By restricting

Telephone and visiting privileges for non medical and mental health reasons In violation of the Connecticut patients rights.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES: V

47. The plaintiff has attempted to exhaust all his administrative remedies Available according to "The Prison litigation Reform Act of 1995"

48. The plaintiff never recieved responses to Request and grievances He wrote.

## FIRST COUNT

49. Plaintiff Incorporates The Allegations In puragraph 1-48 Herein.

50. All Defs Have violated The plaintiffs rights to be free from cruel and unusual punishment under eigth Amendment To the United STATES Constitution Enforcable Through 42 U.S.C § 1983 By acting with deliberate indeference To the plaintiffs safety and Serious mental needs.

51. As a direct and proximate Result To The violation committed By Those Defs The plaintiff suffered The mental and physical harm described Herein.

Second Count

52. Plaintiff incorporates the allegations in paragraphs 1-51 herein

53. Plaintiff had a protected liberty interest in avoiding srg and physical harm

54. Defs Cook, Aldy, Rodriquez, Maiga and Lizon have all violated the plaintiff's rights to due process of law under the fifth and fourteenth amendments to the United States Constitution enforceable through 1/2 U.S.C § 1983 by failing to remove the plaintiff out of srg by not transferring the plaintiff before and after the assault by inmate williams Ashton and Rodgers and not transferring the plaintiff to the states only mental health correctional facility - Garner Correctional Institution.

55. As a direct and proximate result of the violation committed by these defendants the plaintiff suffered the mental and physical harm described herein.

Third Count

56. Plaintiff incorporates the allegations in para- graphs 1-55 herein.

57. All defs have violated the plaintiff's right to due

Process of law, And The right To Be Free From Cruel
and Unusual punishment under Fifth and Eighth Amend-
ments To the United States Constitution and pursuant
To 42 U.S.C § 1983 By failing To Adhere to the state
And Federal Laws concerning the Americans with
Disabilities Act (ADA)

So As A Direct And Proximate result of the Violations
committed By These Defendants The plaintiff Suffered The
Mental and physical harm Described Herein.

<u>Prayer For Relief</u>

Wherefore, The plaintiff Respectfully prays For reliefs
as follows:

1) A Declaratory Judgement That The Action of Defs
Violated The Fifth, Eighth And Fourteenth Amendments
of the United States constitution And The Americans
with Disabilities Act (ADA)

2) An Injunction Restraining Defs From Subjecting
The plaintiff To SRG placement

3) An Award of Compensatory Damages Against Defs
To Exceed The Amount of 1000000 (One Million Dollars)
In Their Individual and Official Capacities

4) An Award of punitive Damages against Dces in Their individual an official capacities.

5) Reasonable cost and Attorney fees pursuant to 1/2 U.S.C § 1983

6) Such other relief As the court may Deen Just and proper.

Plaintiff pro se
By Dejour Ford
Dejour Ford # 409413

<u>Certification of service</u>

I Hereby certify That on this 20TH, Day of JANUARY 2021 the foregoing was E-FIIED Electronically and scrvcd By mail on anyone unable to accept Electronic filling notice of this filling will Be sent By E-filling To all Parties by operation of the courts electronic filling system

                              Plaintiff pro se

                    By <u>Dejour Ford</u>
                       DEjour Ford # 409913
                    Corrigan-radgowSki Corr. Inst
                    986 Norwich-New London Tpke
                    uncasuille cT, 06382

15 of 15

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT**

**PRO SE PRISONER CIVIL RIGHTS COMPLAINT**

CASE NO. _____

**PLAINTIFF(S)** [Write the name(s) of the person(s) complaining]

SEE ATTACHMENT

vs.

**DEFENDANT(S)** [Write the name(s) of the person(s) you are suing.   If you do not know a name, write "John Doe" or "Jane Doe."   Include the defendant's rank or title if you know it.]

SEE ATTACHMENT

Complete every section and **SIGN THE LAST PAGE.**

*Revised 4/13/18*

## A. JURISDICTION

Because federal courts cannot hear every kind of claim, you must identify the law that says this court can hear your claim.   There are two possibilities.   Check one.

I can bring my complaint in federal court because I am suing:

1. _____✓_____ State, county or city employees for violating my federal rights under 42 U.S.C. Sec. 1983/1985/1986; OR

2. _____ Federal employees for violating my federal rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. Sec. 1331.

## B. PLAINTIFF (THE PERSON FILING THIS COMPLAINT)

If there is more than one plaintiff, attach additional pages.   Provide items a, b, and c for each plaintiff.

1. First Plaintiff
   a.   Full Name:
   
   b.   Inmate Number:
   
   c.   Correctional facility:

2. Second Plaintiff
   a.   Full Name:
   
   b.   Inmate Number:
   
   c.   Correctional facility:

*See ATTACHMENT*

## C. DEFENDANT (THE PERSON WHOSE ACTIONS YOU ARE COMPLAINING ABOUT)

If you are suing more than one person, attach additional pages.   Provide items a, b, and c for each defendant.

1. First Defendant
   a.   Full Name:

*Revised 4/13/18*

SEE ATTACHMENT

  b.  Rank or Title:

  c.  Workplace:

 2. Second Defendant
  a.  Full Name:

  b.  Rank or Title:

  c.  Workplace:

 3. Third Defendant
  a.  Full Name:

  b.  Rank or Title:

  c.  Workplace:

 4. Fourth Defendant
  a.  Full Name:

  b.  Rank or Title:

  c.  Workplace:

 5. Fifth Defendant
  a.  Full Name:

  b.  Rank or Title:

  c.  Workplace:

 6. Sixth Defendant
  a.  Full Name:

  b.  Rank or Title:

  c.  Workplace:

## D. REASON FOR COMPLAINT

**WARNING: Contact Inmate Legal Aid Program. Common mistakes can get your**
*Revised 4/13/18*

3

**case dismissed as frivolous or for failure to state a good legal claim.**   If this happens, you will still have to pay the filing fee, even if you are proceeding in forma pauperis.   To avoid losing your filing fee, please read this information carefully and consult Inmate Legal Aid Program before you file.

1. Failure to use the prison grievance process before suing.   If you have not followed all the steps in the grievance process before you come to court, the defendants may ask the Court to dismiss your claims for "failure to exhaust administrative remedies."

2. Complaining about incidents that happened a long time ago:   If you are suing about events that happened more than three years ago, the defendants may ask the Court to dismiss your case under the "statute of limitations."

3. Suing people who were not personally involved:   You can generally only sue defendants who were directly involved in harming you.   In order to sue a supervisor, you must usually show that the supervisor knew about the actions of other defendants and failed to stop them.

4. Suing defendants who have immunity to suit for money damages:   You generally cannot sue the following people and entities for money damages:   the State of Connecticut; agencies of the state (like the Department of Correction); the United States government; the President of the United States (for actions taken while President); judges (for actions taken in connection with judicial duties); parole board officers (for actions taken in imposing parole conditions or revoking parole); prosecutors (for actions taken in performing duties integral to the criminal judicial process).   If you think you have a claim for money damages against such people or entities, check with Inmate Legal Aid Program first.   If you name defendants who are immune to suit from money damages and your suit is dismissed on that basis, you will lose your filing fee.

5. Complaining about a criminal conviction or prison disciplinary proceeding that resulted in loss of good time credits or other change to your time in prison.   If winning your claims "would necessarily imply the invalidity" of a criminal conviction or prison disciplinary punishment affecting the time served, then you cannot make these claims under Section 1983 unless you have already had the conviction or prison disciplinary proceeding invalidated, for example through a habeas proceeding.   See *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Please note that this is not a complete list of the problems you might encounter with your case.   The Court cannot give you legal advice and will not appoint a lawyer for you until it is clear that you have a good legal claim.   Until then, your best strategy is to call the Inmate Legal Aid Program before you file a complaint.   If Inmate Legal Aid Program says you do not have a good case, you should consider that advice very seriously.

Now you need to explain how your federal rights were violated (remember that not every
*Revised 4/13/18*

**4**

violation of state law or prison regulations amounts to a violation of federal law).   What you need to tell the Court is who did what, when they did it, and how you were harmed.

You do not need to cite to the Constitution, any statutes, or any cases.   However, it is important to be specific about dates, times, and the names of the people involved.   It is helpful to put each important fact in a separate, numbered paragraph.

If you do not know the name of the person who harmed you, call that person Defendant Doe and provide some information from which it will be possible to identify the person - for example, gender, rank and shift.   If there is more than one defendant whose name you do not know, call them Defendant Doe1, Defendant Doe2, and so on.

Here is an example of the proper way to describe your claims:

Example of Statement of Case
1. On April 12, 2015, I fell and injured my foot during a basketball game with other prisoners.
2. After the game, I asked Defendant CO Brian Smith to let me see the nurse.   Defendant CO Brian Smith told me that I could not see the nurse because it was not an emergency.
3. During the afternoon, my foot became swollen and very painful.
4. At about 5 p.m., in the presence of my cellmate Bill Bloggs, I told Defendant Lieutenant Jane Doe, who was the shift supervisor, that I needed a doctor and showed her my swollen foot.
5. Defendant Lieutenant Jane Doe brought me two Tylenol and told me that I could not see the nurse until sick call the next morning.
6. The next day, I could not get out of bed because my foot was so swollen and painful. I had to go to hospital and have an operation to fix my foot.
7. I had to take pain medication for two months after the operation and have needed a walking stick for support since that time.
Now describe your claims.

Statement of Case
1.   SEE ATTACHMENT

2.

3.

*Revised 4/13/18*

**5**

4.   SEE ATTACHMENT

5.

6.

7.

8.

9.

10.

If you need more space, attach additional pages, but be as brief as possible.

**E.   REQUEST FOR RELIEF**

Tell the court what kind of relief you want.   **Remember**: (1) You can only get money damages for mental or emotional injury if you were also physically injured; (2) Money damages may be reduced to pay restitution to victims of your crime and fees for a court-appointed attorney, if you had one; (3) You cannot use a Section 1983 or *Bivens* action to request release from custody, a reduction in your sentence, or a restoration of good time credits.   For any of these, you must request a Writ of Habeas Corpus.

SEE ATTACHMENT

*Revised 4/13/18*

6

**F.     DO YOU WISH TO HAVE A JURY TRIAL?    YES ____✓____  NO_____**

**G.     DECLARATION UNDER PENALTY OF PERJURY**

Warning: You must sign this or your complaint will not be filed.

By signing this complaint, I certify under penalty of perjury that the information contained in this complaint is true and accurate to the best of my knowledge.   I understand that if I lie in this complaint, I may be prosecuted for perjury, and punished with as much as five (5) years in prison and/or a fine of $250,000.   See 18 U.S.C. Sections 1621, 3571.

Signature: *Dejour fow*

Signed at *Corgan - Rackowski CC* on *4 | 13 | 20*
                  (Location)                              (Date)

If there are additional plaintiffs, attach another page with the name and signature of each plaintiff on it.   **The complaint cannot be filed without a signature from each plaintiff.**

**H.     FINAL INSTRUCTIONS**

WARNING: Your complaint will not be filed unless you complete each of these steps:

1.      Answer all questions on the complaint form.

2.      Sign the Declaration under Penalty of Perjury on p. 7

Remember, the Clerk cannot file your complaint unless you take all of the steps above.

*Revised 4/13/18*